**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Liberty Propane, L.P., et al. | ) | No.    CV 06-1908-PHX-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| David R. Feheley, et al. | ) | |
| Defendants. | ) | |

The pending Application to Confirm Arbitration Award (Doc. 1), filed on August 2, 2006, alleges subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Application further states that this Court has authority to grant the relief requested pursuant to 9 U.S.C. § 9 in that the "action involves an arbitration award made pursuant to an agreement to arbitrate that involves interstate commerce."  Having reviewed the application, the Court finds that the jurisdictional allegations therein are inadequate to establish the existence of subject matter jurisdiction inasmuch as the application fails to properly allege the citizenship of the parties.[1]

---

[1] The Federal Arbitration Act does not, in and of itself, confer subject matter jurisdiction over an action to confirm an arbitration award; therefore, it is necessary for the Plaintiffs to demonstrate independent grounds for subject matter jurisdiction.  See, e.g., Quick & Reilly, Inc v. Saglio, 717 F. Supp. 822 (S.D. Fla 1989).

The jurisdictional allegation regarding Plaintiff Liberty Propane, L.P., is inadequate because it merely states that Liberty Propane is a limited partnership formed in the state of Kansas with "its principal place of business in Overland Park, Kansas." Since diversity jurisdiction in a suit filed by an artificial entity, such as a partnership, depends on the citizenship of all its members, the citizenship of each general and limited partner of the partnership must be affirmatively alleged. Carden v. Arkoma Associates, 494 U.S. 185 (1990); accord, Nugget Hydroelectric, L.P. v. Pacific Gas and Electric Co., 981 F.2d 429, 438 (9th Cir. 1992) (Plaintiff asserting diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties ..., which in the case of a limited partnership ... are the partners.").

The jurisdictional allegation regarding Plaintiff Liberty Propane Operations, L.L.C., is also inadequate as it only states that the company "is a Delaware limited liability company with its principal place of business in Overland Park, Kansas." The application also inadequately alleges the citizenship of Defendant Inisfree Holdings, L.L.C. by simply stating that it is "an Arizona limited liability company with its principal place of business in Phoenix, Arizona." Both jurisdictional allegations are insufficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity exists under § 1332. Johnson v. Columbia Properties Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006) (Notwithstanding L.L.C.'s corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an L.L.C. is a citizen of every state of which its owners/members are citizens.") Thus, what is required in the present application is an affirmative allegation of the **citizenship of each member** of the Plaintiff limited liability company.[2]

_____

[2] The application must expressly identify each member of any limited partnerships, and/or limited liability companies, along with each member's citizenship. Such jurisdictional allegations are necessary for this Court to conclude whether diversity jurisdiction is satisfied.

The jurisdictional allegation regarding individual Defendant David R. Feheley is inadequate as well since it merely gives the address of the individual's residence.  As the Supreme Court has repeatedly made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship of that state for purposes of jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143 (1905); accord, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiff's complaint ... state[s] that Plaintiffs were 'residents' of California.  But the diversity statute, 28 U.S.C. § 1332, speaks of citizenship, no residency. ... [The] failure to specify Plaintiff's state of citizenship was fatal to [the] assertion of diversity jurisdiction.") Therefore,

IT IS ORDERED that the Plaintiffs' Application to Confirm Arbitration Award is dismissed for lack of subject matter jurisdiction, and the Plaintiffs shall file an amended Application properly stating a jurisdictional basis for this action no later than **October 9, 2006.**[3]

DATED this 29th day of August, 2006.

_____
Paul G. Rosenblatt
United States District Judge

---

[3]  The Plaintiffs are advised that their failure to timely comply with this Order shall result in the dismissal of this action without further notice.